EXHIBIT "A-2"

FILED
9/24/2015 1:54:02 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

Case 3:15-cv-03522-M   Document 1-3   Filed 10/30/15   Page 2 of 27   PageID 9

CAUSE NO. **CC-15-04854-A**

| | | |
|---|---|---|
| **JAMES GRAHAM,** | § | **IN THE COUNTY COURT** |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **AT LAW NO._____** |
| | § | |
| **LINDE NORTH AMERICA, INC.,** | § | |
| *Defendant.* | § | **DALLAS COUNTY, TEXAS** |

---

### PLAINTIFF'S ORIGINAL PETITION AND
### FIRST SET OF WRITTEN DISCOVERY TO DEFENDANT

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, JAMES GRAHAM, Plaintiff, complaining of and against LINDE NORTH

AMERICA, INC. (hereafter "Defendant"), Defendant herein, and would respectfully show unto the

Court as follows:

### I.  TEXAS RULE 47 STATEMENT OF MONETARY RELIEF SOUGHT

Plaintiff prefers to have this Honorable Judge or a jury determine the fair amount of

compensation for Plaintiff's damages, and Plaintiff places the decision regarding the amount of

compensation to be awarded in this Honorable Judge or jury's hands.  However, pursuant to Rule 47

of the Texas Rules of Civil Procedure, Plaintiff is required to provide a statement regarding the

amount of monetary relief sought.  Accordingly, Plaintiff states that the monetary relief sought is

more than $200,000.00 but not more than $1,000,000.00.

### II. DISCOVERY CONTROL PLAN

Plaintiff intends to conduct discovery under a Level 3 Discovery Control Plan in accordance

with Texas Rule of Civil Procedure 190.3.  Written discovery requests to Defendant are set forth

below.  Written Discovery requests include *Request for Disclosure*, *Requests for Production*,

*Requests for Admissions*, and *Interrogatories*. **Responses to discovery requests are due fifty (50) days from the date Defendant is served with this Petition,** to the office of Modjarrad | Abusaad | Said Law Firm located at 212 W. Spring Valley Road, Richardson, Texas 75081.

### III. PARTIES AND SERVICE

Plaintiff, JAMES GRAHAM is a resident of DALLAS County, Texas.

Defendant, LINDE NORTH AMERICA, INC., is a foreign for profit corporation conducting business in the State of Texas. Defendant may be served by serving it registered agent: Corporation Service Company DBA CSC Lawyers INCO, located at 211 E. 7th Street Suite 620, Austin, Texas, 78701 or wherever they may be found. **Issuance of citation is requested at this time**.

In the event any parties are misnamed or not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein.

### IV. JURISDICTION

This Court has jurisdiction as Plaintiff's damages exceed the minimum jurisdictional limits of this Court. Plaintiff affirmatively pleads that he seeks monetary relief of more than $200,000.00 but less than $1,000,000.00.

### V. VENUE

Venue is proper in DALLAS County, Texas, pursuant to 15.002(a)(1) of the Texas Civil Practice and Remedies Code, because the facts that give rise to the causes of action occurred in DALLAS County, Texas. The motor vehicle collision subject of this lawsuit occurred in DALLAS County, Texas.

### VI. FACTS

On or about December 28, 2013, in DALLAS County, Texas, Plaintiff JAMES GRAHAM was operating his vehicle on the service road of Highway 183 in Dallas, Texas. At all relevant times,

Plaintiff operated his vehicle in a safe and prudent manner, abiding by all traffic laws.

As Plaintiff approached Carl Road on the service road of Highway 183, he was in the far left hand lane, and intended to make a left hand turn onto Carl Road. Plaintiff was turning left and at all times remained in the far left lane of traffic, yielding to traffic in the right lane.

At the relevant times, Defendant LINDE NORTH AMERICA, INC. was also travelling on service road of Highway 183 in Dallas, Texas. Defendant was in the right hand lane and his vehicle was situated next to the vehicle occupied by Plaintiff. As Defendant approached the intersection of Carl Road, Defendant also attempted to make a left hand turn. Defendant failed to control his vehicle and changed lanes moving into the Plaintiffs far left lane. Instead of coming to a stop or remaining in the lane next to the Plaintiff, Defendant moved into Plaintiff's lane, crashing into Plaintiff. The Defendant continued moving forward into the far left lane, ramming the Plaintiff's vehicle into the median of Carl Road. The front of Defendant's vehicle collided with the passenger side of Plaintiff's vehicle.

It was the Defendant's negligence, negligence *per se*, and gross negligence, which was the proximate cause of Plaintiff's personal injuries.

### VII. NEGLIGENCE OF DEFENDANT LINDE NORTH AMERICA, INC.

The conduct of Defendant was the proximate causes of Plaintiff's personal injuries in that Defendant's acts or omissions constituted negligence to wit:

a. Failing to keep such a look out as a person of ordinary prudence would have kept under similar circumstances;

b. Failed to pay attention;

c. Failing to turn the direction of the vehicle away from other vehicles, in order to avoid the collision;

d.　　Failing to use due care to avoid the collision;

e.　　Failed to, when following another vehicle, maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and conditions of the highway, the operator can safely stop without colliding with the proceeding vehicle, in violation of Texas Transportation Code section § 545.062.

f.　　Failed to, when turning left at an intersection, approaching the intersection in the extreme left-hand lane lawfully available to a vehicle moving in the direction of the vehicle in violation of Texas Transportation Code section §545.101 (b) (1).

g.　　Failed to, after entering the intersection to turn left, leaving the intersection the intersection so as to arrive in a lane lawfully available to traffic moving in the direction of the vehicle on the roadway being entered in violation of Texas Transportation Code section §545.101 (b) (2).

h.　　Failed to safely turn in violation of Texas Transportation Code section §545.103.

i.　　Failed to use the signal authorized by Section 545.106 of intent to turn a vehicle right or left continuously for not less than the last 100 feet of movement of the vehicle before the turn in violation of Texas Transportation Code section 545.104 (b).

j.　　Failed to, after stopping, entering an intersection before the intersection can be safely entered without interference or collision with traffic using a different street or roadway in violation of Texas Transportation Code section 545.151 (2).

k.　　Failing to control the speed of a motor vehicle in violation of Texas Transportation Code section § 545.351; and

Each of the above acts and omissions, singularly or in combination with each other, was the

proximate cause of Plaintiff sustaining injuries and damages that are described below.

## VIII.   NEGLIGENCE PER SE OF DEFENDANT

Defendant's violation of the Texas Transportation Code constituted negligence per se.

## IX. GROSS NEGLIGENCE OF THE DEFENDANT

The Defendant was grossly negligent because he exhibited a conscious disregard for the safety of others by engaging in conduct that was not merely negligent, but reckless.  It was not just a singular deviance from reasonably safe driving behavior that proximately caused the injuries to Plaintiff, but a multitude of deviations that showed the high level of disregard for the safety of others that amounts to gross negligence.

## X. DAMAGES

### A. JAMES GRAHAM

Due to Defendant's negligence, Plaintiff JAMES GRAHAM suffered injuries and is seeking compensation for the following:

a. actual medical bills incurred by Plaintiff for which treatment was necessary and for which the amount was reasonable for these types of services in the county Plaintiff was treated;

b. medical care expenses that, in reasonable probability, Plaintiff will sustain in the future;

c. property damage, including but not limited to the deductible, collision repairs, loss of use, and all other property damage related claims;

d. physical pain and mental anguish sustained in the past found to be reasonable and just by the trier of fact;

e. physical pain and mental anguish that, in reasonable probability, Plaintiff will sustain in the future as determined by the trier of fact;

f.   physical impairment sustained in the past as determined by the trier of fact;

g.   physical impairment that, in reasonable probability, Plaintiff will sustain in the future as

determined by the trier of fact;

h.   lost wages

i.   loss of earning capacity in the past;

j.   loss of earning capacity that, in reasonable probability, Plaintiff will sustain in the future

as determined by the trier of fact;

k.   pre and post judgment interest;

l.   court costs; and

m.   for such other and further relief, at law or in equity, to which Plaintiff will be justly

entitled.

## XI. DISCOVERY REQUESTS TO DEFENDANT

### Instructions

For any requested information about a document that no longer exists or cannot be located,
identify the document; state how and when it passed out of existence, or when it could no longer be
located, and the reasons for the disappearance.  Also, identify each person having knowledge about
the disposition or loss, and identify each document evidencing the existence or nonexistence of each
document that cannot be located.

### Definitions

The following definitions shall have the following meanings, unless the context requires
otherwise:

1.   "Defendant," "you," or "your" means LINDE NORTH AMERICA, INC., unless otherwise
specified.

2.   "Plaintiff" mean JAMES GRAHAM, unless otherwise specified.

3.   "Party" or "parties," as well as party's full or abbreviated name or a pronoun referring to a party,
means the party, and where applicable, her or its agents, officers, directors, employees, partners,

corporate agents, subsidiaries, affiliates, or any other person acting in concert with her or it, or under her or its control, whether directly or indirectly, including any attorney.

4. "Possession, custody, or control" of an item means that the person either has physical possession of the item or has a right to possession that is equal or superior to the person who has physical possession of the item.

5. "File" means any collection or group of documents maintained, held, stored, or used together, including, without limitation, all collections of documents maintained, held, or stored in folders, notebooks, or other devices for separating or organizing documents.

6. "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity and all predecessors or successors in interest.

7. "Communication" means any oral or written communication of which the Defendant has knowledge, information, or belief.

8. "Date" means the exact date, month, and year, if ascertainable, or, if not, the best available approximation.

9. "Mobile device" means cellular telephone, satellite telephone, pager, personal digital assistant, palm top computer, hand-held computer, electronic rolodex, e-book, or walkie-talkie.

10. "Identify" or "describe," when referring to a person, means you must state the following:

    a. The full name.
    b. The present or last known residential address and residential telephone number.
    c. The present or last known office address and office telephone numbers.
    d. The present occupation, job title, employer, and employer's address at the time of the event or period referred to in each particular request.
    e. In the case of any entity, identify the officer, employee, or agent most closely connect with the subject matter of the request and identify the officer who is responsible for supervising that officer or employee.

11. "Identify" or "describe," when referring to a document, means you must state the following:

    a. The nature (e.g. letter, handwritten note) of the document.
    b. The title or heading that appears on the document.
    c. The date of the document and the date of each addendum, supplement, or other addition or change.
    d. The identity of the author and of the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered.

   e. The recent location of the document, and the name, address, position or title, and telephone number of the person or persons having custody of the document.

12. The word "and" means "and/or." The word "or" means "or/and."

13. The word "vehicle" means a vehicle that is involved in motor vehicle collision that is the subject of this suit.

14. Collision," "incident," or "collision" means the motor vehicle collision that occurred on or about December 28, 2013 between Plaintiff and Defendant, forming the basis of this lawsuit

### RULE 194 REQUESTS FOR DISCLOSURE TO DEFENDANT

   Please take notice that pursuant to Rule 194, you, Defendant, are requested to disclose, within

30 days of service of this request, the information or material described in Rule 194.2.

### INTERROGATORIES TO DEFENDANT

**INTERROGATORY NO. 1.**
   With regard to the actual occurrence of the incident / collision in question, state:
   a. the date, time and place of the incident / collision;
   b. the direction in which the defendant was traveling at the time of the incident / collision;
   c. the name of the roadway on which the defendant was traveling and the general direction of travel prior to the incident / collision;
   d. the traffic conditions at the time of the incident / collision; and
   e. the roadway and weather conditions at the time of the incident / collision.

ANSWER:

**INTERROGATORY NO. 2.**
   With regard to the Defendant's vehicle at the time of the incident / collision, state:
   a.     the place where the trip was commenced;
   b.     the planned destination;
   c.     the length of time the defendant's vehicle had been in continuous operation from the commencement of the trip until the time of the incident / collision; and
   d.     the distance, in miles, that the defendant's vehicle had traveled from the commencement of the trip until the time of the incident / collision.
   e.     The owner of the vehicle at the time of the incident / collision and, if different, the owner of the vehicle today.

ANSWER:

**INTERROGATORY NO. 3.**

If the defendant or any of the Defendant's representatives has either made or obtained any reports or statements concerning the incident / collision, state with respect to each such report or statement:

    a.  the name, business address and title of the person or other entity who made or received the report or statement;

    b.  the date on which the report or statement was made;

    c.  the nature of the report or statement; and

    d.  the name and address of the person who has present custody of the report or statement.

ANSWER:

**INTERROGATORY NO. 4.**

Did the Defendant, or any other person occupying the vehicle at the time of the collision, consume any alcoholic beverages or prescription medications in the twenty-four (24) hours prior to the collision?

ANSWER:

**INTERROGATORY NO. 5.**

If the defendant or any of the Defendant's representatives has obtained any photographs or videos of the incident / collision site, the vehicles involved, or the plaintiff, or photographs or videos that pertain to the manner in which the incident / collision occurred, state for each such photograph:

    a.  the date on which the photograph was taken;

    b.  the time at which the photograph was taken;

    c.  the nature of the scene the photograph depicts; and

    d.  the identity, including name, address and job title, of the person who has present custody of the photograph.

ANSWER:

**INTERROGATORY NO. 6.**

Did the Defendant seek medical treatment as a result of the collision? If so, please:

    a.  Identify the medical providers by name, address and telephone number;

    b.  Identify the diagnosis or nature of Defendant's injury; and

    c.  Describe treatment received.

ANSWER:

**INTERROGATORY NO. 7.**

Did the Defendant have an active cell phone account on the date of the collision? If so, please:

    a.  Identify the cell phone number associated with that account;

    b.  The account number associated with that account;

    c.  The cell phone service provider associated with that account; and

    d.  The primary account holder's name.

ANSWER:

**INTERROGATORY NO. 8.**
        Was Defendant operating your vehicle at the time of the collision within the course and scope of his employment?  If so:
        a.   Please identify the employer, by name, address, and telephone number;
        b.   Please identify Defendant's job title and description; and
        c.   Please identify the work related purpose of defendant's trip.

ANSWER:

**INTERROGATORY NO. 9.**
        Was Defendant the driver of a vehicle that was involved in a collision in the five-year period that proceeded the collision that forms the basis of this suit?  If so, please provide the following information:
        a.   Approximate date of the other collision;
        b.   County or city in which the other collision occurred;
        c.   Whether defendant or another party was at fault; and
        d.   Whether any personal injury claims were bought against Defendant.

RESPONSE:

**INTERROGATORY NO. 10.**
        State the Style, Court and Cause number of any lawsuit Defendant has been a party to and the final disposition of said suit.

ANSWER:

**INTERROGATORY NO. 11.**
        Please state and describe any and all traffic violations or car accidents of the employees you have entrusted with a company vehicles over the past (5) years.

ANSWER:

**INTERROGATORY NO. 12.**
        Was your vehicle that is the subject of this lawsuit damaged in this incident, please describe the damage incurred and the cost of repairing said damage.

ANSWER:

**INTERROGATORY NO. 13.**
        Were any tests, inspections or measurements made or taken with respect to the incident scene or any object involved?  If so, please state the name, telephone number, and address of the person

now having custody of any written report concerning each test, inspection or measurement.

ANSWER:

**INTERROGATORY NO. 14.**
Please state in full detail each and every contention or denial of liability on any claim made the basis of this suit. Include in your answer:

a.   all facts known to you, and all propositions of law that your attorney, or anyone acting on your behalf or their behalf, which you contend support or corroborate each such denial;

b.   the name, business and residence address, and telephone number of each person known to you who claims to have any knowledge relating to each such denial of any claim; and

c.   the name, business and residence address, and telephone number of the present custodian of any writings in support of each such denial.

ANSWER:

**INTERROGATORY NO. 15.**
Describe the methods you use to screen potential employees, do you use background checks, driving records, employment history, drug screening, alcohol screening.

ANSWER:

**INTERROGATORY NO. 16.**
Describe the entire procedure for issuing a company vehicle to your employees.

ANSWER:

**INTERROGATORY NO. 17.**
Describe your employment relationship with Defendant DRIVER.

ANSWER:

**INTERROGATORY NO. 18.**
For each person who is a director or officer of the corporation or has been a director or officer at any time in the last five years, please state-

a.   the director/officer's full name;
b.   his or her complete present address;
c.   the date of election as a director;
d.   whether the person is now a director/officer and, if not, when the position ended; and
e.   the full name and complete address of each business in which the director/officer owns an interest, with which the director/officer is associated in any way, or by which the

director/officer is employed.

**ANSWER:**

**INTERROGATORY NO. 19.**
Does the corporation have any ownership interest in any other business?  If so, for each business please state-
- a.  the full name of the business;
- b.  the complete address of the principal place of business or general office of the business;
- c.  the complete address of each place at which it conducts business;
- d.  the type of business it conducts;
- e.  the form of business organization (for example, corporation, partnership);
- f.  the date the corporation acquired its interest in the business;
- g.  the present value of the corporation's interest in the business and its percentage of the total value of the business;
- h.  the corporation's duties in the business;
- i.  the full name and complete address of each partner, officer, and director of the business; and
- j.  the full name and complete address of each bank at which the business maintains any type of checking or deposit account or from which the business has borrowed money.

If any of the above have filed any articles of incorporation, partnership agreement, or assumed name certificate, for each document please state-
- a.  the nature of the document;
- b.  the complete address of the office where it was filed;
- c.  the date it was filed; and
- d.  the assumed name used, if applicable.

**ANSWER:**

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

**REQUEST NO. 1.**
Produce a true and legible copy of the front and back of Defendant's current driver's license.
RESPONSE:

**REQUEST NO. 2.**
Produce all photographs and videos showing the incident / collision site, the vehicles involved, the plaintiff, or any photographs and videos that pertain to the manner in which the incident / collision occurred.

RESPONSE:

**REQUEST NO. 3.**

Produce the damage appraisal of Defendant's vehicle, as well as any bills, invoices, statements, or other documents showing the actual cost of repairs made to Defendant's vehicle as a result of the collision.

RESPONSE:

**REQUEST NO. 4.**

Produce copies of any criminal records relating to any party in this lawsuit, that you possess, or that you intend to use at the trial of this suit.

RESPONSE:

**REQUEST NO. 5.**

Produce all drawings, maps, or sketches of the scene of the incident / collision.

RESPONSE:

**REQUEST NO. 6.**

Produce all documents regarding any medicine prescribed for Defendant by any medical doctor within the one-year period before the collision.

RESPONSE:

**REQUEST NO. 7.**

Produce all documents that defendant has, including all deposition testimony and trial transcripts, from any other lawsuits regarding personal injury in which the Defendant has been involved.

RESPONSE:

**REQUEST NO. 8.**

Produce any written, taped or mechanically reproduced statement made of any Defendant, Plaintiff, or person claiming to have knowledge or information regarding the facts that form the basis of this lawsuit.

RESPONSE:

**REQUEST NO. 9.**

Produce all documents regarding all other claims being currently made against Defendant's insurance policies for incident / collisions, other than the one made by this Plaintiff.

RESPONSE:

**REQUEST NO. 10.**

Produce all documents and tangible things which support your contention that:

a. any act or omission on the part of Plaintiff caused or contributed to the incident / collision

b. any factor, other than (a.) above contributed to or was the sole cause of the incident / collision, including but not limited to, acts or omissions of negligence of any other party or parties, or potential third-party Defendants, sudden emergency, unavoidable incident / collision, mechanical defect or act of God;

c. any factor caused or contributed to the Plaintiff's damages, including but not limited to, pre-existing or subsequently existing physical or medical condition or conditions of the Plaintiff;

d. any or all of the medical expenses incurred by Plaintiff for treatment of injuries allegedly resulting from the incident / collision were not reasonable and/or necessary.

e. Plaintiff's injuries, if any, were not the result of or caused by the incident / collision.

### RESPONSE:

### REQUEST NO. 11.

Was Defendant the driver of a vehicle that was involved in a collision in the five-year period that proceeded the collision that forms the basis of this suit? If so, please provide the following information:

a. Approximate date of the other collision;

b. County or city in which the other collision occurred;

c. Whether defendant or another party was at fault; and

d. Whether any personal injury claims were bought against Defendant.

### RESPONSE:

### REQUEST NO. 12.

Produce a legible copy of the title to the vehicle Defendant was operating on the date of the collision.

### RESPONSE:

### REQUEST NO. 13.

Produce the damage appraisal of Plaintiff's vehicle, as well as any bills, invoices, statements, or other documents showing the actual cost of repairs made to Plaintiff's vehicle as a result of the collision.

### RESPONSE:

### REQUEST NO. 14.

A copy of all documents filed with any state, county, city, federal or governmental agency, institution or department containing information about DEFENDANTS which are in the possession, constructive possession, custody or control of DEFENDANT.

### REQUEST NO. 15.

All written reports of inspection, tests, writings, drawings, graphs, charts, recordings or opinions of any expert who has been used for consultation and whose work product forms a basis either in whole or in part of the opinions of an expert who is to be called as a witness. (If the discoverable factual materials have not been received or reduced to a tangible form, request is hereby made that DEFENDANT advise Plaintiff accordingly and reduce such material to a tangible form).

**REQUEST NO. 16.**

A curriculum vitae or resume for any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert.

**REQUEST NO. 17.**

Any and all copies of investigation documentation, reports and/or memoranda made by or submitted to DEFENDANT, as a result of the accident which has been made the basis of Plaintiff's lawsuit.

**REQUEST NO. 18.**

Any and all written communications, including but not limited to letters and/or memorandums, between agents, employees and/or representatives of DEFENDANT that DEFENDANT prepared as a result of the accident made the basis of Plaintiff's lawsuit.

**REQUEST NO. 19.**

Copies of estimates, invoices, and/or any other written documentation which were prepared as a result of the damage to any vehicles involved in the accident made the basis of Plaintiff's lawsuit.

**REQUEST NO. 20.**

Copies of any contracts or agreements between DEFENDANT and any maintenance or repair services in effect on December 28, 2013.

**REQUEST NO. 21.**

Copies of any and all books, documents or other tangible things which may or may not be introduced at trial, but which may have a bearing on Plaintiff's cause of action and may be used as demonstrative evidence at trial.

**REQUEST NO. 22.**

Please attach true, accurate, and authenticated copies of any and all financial documentation provided to shareholders for the past five (5) years.

**REQUEST NO. 23.**

Please attach true, accurate, and authenticated copies of any and all annual reports provided to shareholders for the past five (5) years.

**REQUEST NO. 24.**

Please attach true, accurate, and authenticated copies of any and all net worth statements for the past five (5) years.

**REQUEST NO. 25.**

All documents relating to or evidencing the assignments of all employees working on the day in question.

**REQUEST NO. 26.**

All documents evidencing hiring procedures, guidelines and requirements for employees entrusted with a vehicle.

**REQUEST NO. 27.**

All communications (including e-mail, text messages, blog posts memorandums, and inter-office memos) exchanged between any of the Defendants or amongst or between the agents of any defendant concerning the motor vehicle accident December 28, 2013.

**REQUEST NO. 28.**

All communications (including texts, emails or phone calls) made by the Defendant for the 4 hours preceding and the 4 hours following the motor vehicle accident subject of this suit.

**REQUEST NO. 29.**

All documents pertaining to or evidencing safety policies, safety training and safety procedures, if any.

**REQUEST NO. 30.**

All documents pertaining to or evidencing training procedures and safety policies given to those entrusted with a company vehicle.

**REQUEST NO. 31.**

Produce any and all documents evidencing investigations (or evidencing that an investigation took place) by any third parties, including but not limited to any law enforcement officials involving Defendants or Defendants' agents or employees with regard to any civil matters in any way pertaining to the premises, their employment, ownership or representation of Defendant Agencies.

**REQUEST NO. 32.**

All documents reflecting a corporate organization chart for any defendant since its formation and any changes to same.

**REQUEST NO. 33.**

Produce any and all documents which relate to Defendant Entities communications with Plaintiff in this lawsuit.

**REQUEST NO. 34.**

Produce any and all court documents, such as pleadings and judgments, pertaining to or reflecting any civil action in which Defendant Entities have ever been involved as a party since formation.

**REQUEST NO. 35.**
Produce any and all interoffice memoranda or other communications between Defendant Entities and its employees and any other third parties relating to Defendant or the subject matter of this lawsuit.

**REQUEST NO. 36.**
Produce any and all documents, including, but not limited to, settlement agreements, releases, checks, drafts, contracts, and other written materials reflecting or pertaining to the terms, conditions and payment of any settlement or release made by or to Defendant Entities with any other person or entity relating to the occurrences or damages which are the subject of this lawsuit.

**REQUEST NO. 37.**
Produce any and all charts, models, blow-ups, pictures, photographs, illustrations, diagrams or other documents or tangible things which you intend to use as a demonstrative exhibit or aid at the trial of this lawsuit.

**REQUEST NO. 38.**
All documents and other tangible things supporting your any of your affirmative defenses.

**REQUEST NO. 39.**
All documents pertaining to the employment history of Defendant. Including but not limited to, job application, drug screening results, alcohol screening results, background checks, driving records, employment history, job performance reports, incident reports, medical records, performance review, disciplinary incidents or complaints, etc.

**REQUEST NO. 40.**
A copy of all documents filed by you with any state, county, city, federal or governmental agency, institution or department containing information about you.

**REQUEST NO. 41.**
All documents pertaining to the vehicle in question; including but not limited to, vehicles inspections, any maintenance on the vehicle, any crash reports, any driver's logs, any custody reports pertaining to the possession of the vehicle, title to the vehicle at the time of the incident, ext.

**REQUEST NO. 42.**
All documents and materials of any nature concerning Defendant's contention that Plaintiff caused or contributed to any part of this incident.

**REQUEST NO. 43.**
All documents pertaining to all vehicles owned by Defendant; including but not limited to vehicles inspections, any maintenance on the vehicle, any crash reports, any driver's logs, any custody reports pertaining to the possession of the vehicle, title to the vehicle at the time

of the incident, ext.

**REQUEST NO. 44.**

Employment records for any employee who has ever been entrusted with a company vehicle by Defendant; including but not limited to job application, drug screening results, alcohol screening results, background checks, driving records, employment history, job performance reports, incident reports, medical records, etc. Please include any and all traffic violations or car accidents of the employees you have entrusted with a company vehicles over the past (10) years.

**REQUEST NO. 45.**

Copies of all agreements, payments, and other documents of any nature related in any way to the relationship between Defendants.

**REQUEST NO. 46.**

All documents showing the existence and contents of any indemnity or insuring agreement held by Defendant.

**REQUEST NO. 47.**

All documents pertaining to any possible know responsible third party.

**REQUEST NO. 48.**

All documents and photographs constituting a statement made by any person concerning any of the facts, allegations or claims made with respect to this lawsuit – a witness statement – regardless of when the statement was made, pursuant to Rule 192.3(h).

**REQUEST NO. 49.**

All documents constituting any settlement agreement of any kind (whether oral, written, or otherwise) made by you and any other person regarding any of the claims or causes of action concerning the occurrence in question.

**REQUEST NO. 50.**

All documents which you may offer as evidence under the provisions of Rule 609, Texas Rules of Civil Evidence with respect to the arrest or criminal conviction(s), if any, of Plaintiffs, or any other witness, party or person with knowledge of relevant facts identified in any discovery responses in this lawsuit.

**REQUEST NO. 51.**

A copy of any industry standard or custom that you, or any expert witness you may call to testify in this lawsuit, believe is an established and reliable authority with respect to the subject matter of this lawsuit.

**REQUEST NO. 52.**

Any and all documents or evidence that may be used by or on behalf of the Plaintiff in this case for impeachment of any of the following individuals during the discovery phase or at

trial:

(a)     Any and all present employees, agents or representatives of Defendant;

(b)     Any and all expert witnesses designated by or on behalf of Defendant; and

(c)     Any and all persons with knowledge of relevant facts identified in responses to discovery by Defendant.

**REQUEST NO. 53.**

All documents prepared or generated by any law enforcement agency, Texas State agency, or any security agency which relate to the occurrence which forms the basis of this suit.

**REQUEST NO. 54.**

Produce any and all settlement agreements, deals, contracts, understandings, "Mary Carter" agreements, or compromises between you or your representatives and any other party, potential party, or potential third party DEFENDANT to this suit or its representatives, agents or insurers regarding any compromise, settlement, apportionment of liability or financial responsibility, contingent or otherwise, or alignment of the parties on any issue with respect to:

a.      The incident;

b.      Plaintiff's damages;

c.      The presentation of any testimony;

d.      Whether or how to conduct any cross examination;

e.      The performance of discovery; and/or

f.      The presentation of any defense, excuse, or inferential rebuttal.

**REQUEST NO. 55.**

Produce your complete Safety Measurement System Profile going back 7 years from the date you were served with this discovery request.

**REQUEST NO. 56.**

Produce your entire company profile from the Safety and Fitness Electronic Records System.

**REQUEST NO. 57.**

Produce Defendant's driver on December log book for the date of the incident, as well as the 2 weeks prior and 2 weeks after this incident.

**REQUEST NO. 58.**

Produce Defendant DRIVER'S trip receipts for the date of the incident, as well as the 2 weeks prior and 2 weeks after this incident.

**REQUEST NO. 59.**

Produce Defendant DRIVER'S toll records for the date of the incident, as well as the 2 weeks prior and 2 weeks after this incident.

**REQUEST NO. 60.**

Produce Defendant DRIVER'S pay records for the date of the incident, as well as the 2 weeks prior and 2 weeks after this incident.

**REQUEST NO. 61.**

Produce Defendant DRIVER'S EDR data for the date of the incident, as well as the 2 weeks prior and 2 weeks after this incident.

**REQUEST NO. 62.**

Produce Defendant DRIVER'S GPS date, tracking data and data recording data for the date of the incident, as well as the 2 weeks prior and 2 weeks after this incident.

**REQUEST NO. 63.**

Produce all of Defendant DRIVER'S road test records and road test certificates.

**REQUEST NO. 64.**

Produce Defendant DRIVER'S employment application.

**REQUEST NO. 65.**

Produce Defendant DRIVER'S medical certificate.

**REQUEST NO. 66.**

Produce Defendant DRIVER'S annual certification of traffic violations.

**REQUEST NO. 67.**

Produce Defendant DRIVER'S dispatch & trip reports for the date of the incident, as well as the 2 weeks prior and 2 weeks after this incident. (required under the International Fuel Tax Agreement)

**REQUEST NO. 68.**

Produce Defendant Driver Qualification File. This file should include the driver's employment application, records relating to inquiries to previous employers, responses to driving record inquiries, the driver's Road Test Certificate, records relating to driver's annual review, driver's annual certification of traffic violations, and the driver's Medical Certificate.

**REQUEST NO. 69.**

Produce Defendant Driver Investigative History File. This includes the records obtained from the Defendant DRIVER'S previous employers relating to a driver's safety performance history.

**REQUEST NO. 70.**

Produce Defendant DRIVER'S Drug and Alcohol Testing Records, including any post-accident testing, the driver's pre-employment screening, records relating to any random testing, records relating to any reasonable suspicion testing, any refusal to submit to testing, and any rehabilitation records.

## REQUESTS FOR ADMISSIONS TO DEFENDANT

Please Admit or Deny the following:

**REQUEST 1.**       Defendant was operating a motor vehicle on December 28, 2013.

**REQUEST 2.**       On December 28, 2013, Defendant was involved in a collision.

**REQUEST 3.**       On the date of the collision, Defendant's vehicle struck a vehicle driven by Plaintiff.

**REQUEST 4.**       At the time of the collision, Defendant did not own the vehicle involved in the collision.

**REQUEST 5.**       The condition of the road did not contribute to the cause of the collision.

**REQUEST 6.**       Lighting conditions did not contribute to the cause of the collision.

**REQUEST 7.**       Weather conditions did not contribute to the cause of the collision.

**REQUEST 8.**       A sudden emergency did not contribute to the cause of the collision.

**REQUEST 9.**       An act of God did not contribute to the cause of the collision.

**REQUEST 10.**      Defendant does not contend the collision was unavoidable.

**REQUEST 11.**      Defendant, as an operator of a motor vehicle, has the duty to exercise ordinary care in the operation of his vehicle so as to not endanger the safety of others.

**REQUEST 12.**      On December 28, 2013, the Defendant's vehicle collided with the side of Plaintiff's vehicle.

**REQUEST 13.**      Defendant failed to make a proper lookout immediately before the collision.

**REQUEST 14.**      Defendant's failure to maintain a proper lookout immediately before the collision was the proximate cause of the collision made the basis of this lawsuit.

**REQUEST 15.**      No defect or malfunction in the vehicle Defendant was driving contributed to the cause of the collision.

**REQUEST 16.**      Defendant was using a mobile device when the collision occurred.

**REQUEST 17.**     As a result of the aforementioned collision, Plaintiff sustained damages to the vehicle in which Plaintiff was traveling.

**REQUEST 18.**     Defendant does not have normal vision without the use of corrective lenses, contacts, glasses, or other devices.

**REQUEST 19.**     Defendant was not wearing corrective lenses, contacts, glasses, or other devices at the time of the collision.

**REQUEST 20.**     Defendant was under the influence of drugs or alcohol when the collision occurred.

**REQUEST 21.**     Defendant had ingested or consumed drugs or alcohol within the 24 hours before the collision.

**REQUEST 22.**     Defendant was acting as an agent for another person or entity at the time of the collision.

**REQUEST 23.**     Plaintiff JAMES GRAHAM, on the day of December 28, 2013, was exercising ordinary care in the operation of her vehicle so as to not endanger the safety of others.

**REQUEST 24.**     Defendant was not injured as a result of the collision.

**REQUEST 25.**     Plaintiff did not contribute to the cause of the collision.

**REQUEST 26.**     Defendant verbally admitted to Plaintiff that this collision was Defendant's fault.

**REQUEST 27.**     Defendant's negligence was the proximate cause of this collision.

**REQUEST 28.**     Defendant made a recorded statement about the accident that is the subject of this suit.

**REQUEST 29.**     Defendant spoke to witnesses at the scene of the accident.

**REQUEST 31.**     Defendant asked the Plaintiff if he was injured at the scene of the accident.

**REQUEST 32.**     Defendant saw the property damage to each vehicle involved in the accident.

**REQUEST 33.**     Defendant saw Plaintiffs' vehicle before the collision on December 28, 2013..

**REQUEST 34.**     Plaintiff stated he was injured at the scene of the accident that is the subject of this suit.

**REQUEST 35.**      Defendant driver had a mobile device in his vehicle at the time of the accident that is the subject of this suit that belonged to Defendant.

**REQUEST 36.**      Defendant was using a global positioning system (GPS) on her mobile device at the time of the accident.

**REQUEST 37.**      Defendant took photographs at the scene of the accident.

**REQUEST 38.**      When Defendant's vehicle collided with Plaintiffs' vehicle at the scene of the accident, Plaintiffs' vehicle was in the far left lane of Carl Road.

**REQUEST 39.**      Defendant failed to control his speed prior to impacting Plaintiffs' vehicle.

**REQUEST 40.**      Defendant never spoke to a police officer at the scene of the collision.

**REQUEST 41.**      Defendant knew and/or was aware that the vehicle's tires were not in good condition or needed to be replaced.

**REQUEST 42.**      Defendant failed to take the vehicle for its annual inspection as required by law.

**REQUEST 43.**      Defendant was distracted prior to colliding with Plaintiffs' vehicle.

**REQUEST 44.**      Defendant apologized to Plaintiff for colliding with his vehicle.

**REQUEST 46.**      Defendant knew the accident was his fault.

**REQUEST 47:**      Admit that you have asked your insurance company to defend you in case a lawsuit is filed against you as a result of the collision that is the subject of this lawsuit.

**REQUEST 48:**      Admit that your insurance company has accepted your request to provide a defense against the claims brought by Plaintiffs in this lawsuit and has made settlement offers pursuant to your request to provide a defense.

## XIII. NOTICE OF INTENT

Plaintiff hereby gives notice of intent to utilize any and all items produced in discovery in the

trial of this matter and the authenticity of such items is self-proven per the Texas Rules of Civil

Procedure 193.7.

## XIV. U.S. LIFE TABLES

Notice is hereby given to the Defendant that Plaintiff intends to use the U.S. Life Tables as prepared by the Department of Health and Human Services.

## XV. PRAYER

**WHEREFORE**, Plaintiff respectfully requests that Defendant be cited to appear and answer, and that on final trial, Plaintiff be awarded judgment against Defendant for the following:

a. actual medical bills incurred by Plaintiff for which treatment was necessary and for which the amount was reasonable for these types of services in the county Plaintiff was treated;

b. medical care expenses that, in reasonable probability, Plaintiff will sustain in the future;

c. property damage, including but not limited to the deductible, collision repairs, loss of use, and all other property damage related claims;

d. physical pain and mental anguish sustained in the past found to be reasonable and just by the trier of fact;

e. physical pain and mental anguish that, in reasonable probability, Plaintiff will sustain in the future as determined by the trier of fact;

f. physical impairment sustained in the past as determined by the trier of fact;

g. physical impairment that, in reasonable probability, Plaintiff will sustain in the future as determined by the trier of fact;

h. lost wages

i. loss of earning capacity in the past;

j. loss of earning capacity that, in reasonable probability, Plaintiff will sustain in the future

as determined by the trier of fact;

k.  pre and post judgment interest;

l.  court costs; and

m.  for such other and further relief, at law or in equity, to which Plaintiff will be justly

entitled.

Respectfully submitted,

**MODJARRAD ABUSAAD SAID LAW FIRM**
212 W. Spring Valley Road
Richardson, Texas 75081
Phone: (972) 789-1664
Fax: (972) 789-1665

By:_____
**JENNIFER ANNE KINDER**
Texas Bar No. 00787837
jkinder@modjarrad.com
**ATTORNEY FOR PLAINTIFF**

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____ **CC-15-04854-A** _____ COURT *(FOR CLERK USE ONLY):* _____

STYLED JAMES GRAHAM V. LINDE NORTH AMERICA, INC.

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name: | Email: | Plaintiff(s)/Petitioner(s): | ☒ Attorney for Plaintiff/Petitioner |
| **Jennifer Kinder** | **jkinder@modjarrad.com** | **James Graham** | ☐ *Pro Se* Plaintiff/Petitioner |
| | | | ☐ Title IV-D Agency |
| Address: | Telephone: | | ☐ Other: _____ |
| **212 W. Spring Valley Road** | **(972) 789-1664** | Defendant(s)/Respondent(s): | Additional Parties in Child Support Case: |
| City/State/Zip: | Fax: | | Custodial Parent: |
| **Richardson, Texas 75081** | **(972) 789-1665** | **Linde North America, Inc.** | _____ |
| Signature: | State Bar No: | [Attach additional page as necessary to list all parties] | Non-Custodial Parent: |
| *Jennifer Kinder* | **00787837** | | _____ |
| | | | Presumed Father: |
| | | | _____ |

### 2. Indicate case type, or identify the most important issue in the case *(select only 1):*

| Civil | | | Family Law | |
|---|---|---|---|---|
| | | | | **Post-judgment Actions (non-Title IV-D)** |
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | |
| *Debt/Contract* | ☐ Assault/Battery | ☐ Eminent Domain/ Condemnation | ☐ Annulment | ☐ Enforcement |
| ☐ Consumer/DTPA | ☐ Construction | ☐ Partition | ☐ Declare Marriage Void | ☐ Modification—Custody |
| ☐ Debt/Contract | ☐ Defamation | ☐ Quiet Title | *Divorce* | ☐ Modification—Other |
| ☐ Fraud/Misrepresentation | *Malpractice* | ☐ Trespass to Try Title | ☐ With Children | **Title IV-D** |
| ☐ Other Debt/Contract: | ☐ Accounting | ☐ Other Property: | ☐ No Children | ☐ Enforcement/Modification |
| _____ | ☐ Legal | _____ | | ☐ Paternity |
| *Foreclosure* | ☐ Medical | | | ☐ Reciprocals (UIFSA) |
| ☐ Home Equity—Expedited | ☐ Other Professional Liability: | **Related to Criminal Matters** | **Other Family Law** | ☐ Support Order |
| ☐ Other Foreclosure | _____ | ☐ Expunction | ☐ Enforce Foreign Judgment | **Parent-Child Relationship** |
| ☐ Franchise | ☒ Motor Vehicle Accident | ☐ Judgment Nisi | ☐ Habeas Corpus | ☐ Adoption/Adoption with Termination |
| ☐ Insurance | ☐ Premises | ☐ Non-Disclosure | ☐ Name Change | ☐ Child Protection |
| ☐ Landlord/Tenant | *Product Liability* | ☐ Seizure/Forfeiture | ☐ Protective Order | ☐ Child Support |
| ☐ Non-Competition | ☐ Asbestos/Silica | ☐ Writ of Habeas Corpus— Pre-indictment | ☐ Removal of Disabilities of Minority | ☐ Custody or Visitation |
| ☐ Partnership | ☐ Other Product Liability | ☐ Other: _____ | ☐ Other: | ☐ Gestational Parenting |
| ☐ Other Contract: | List Product: _____ | | _____ | ☐ Grandparent Access |
| _____ | ☐ Other Injury or Damage: | | | ☐ Parentage/Paternity |
| | _____ | | | ☐ Termination of Parental Rights |
| | | | | ☐ Other Parent-Child: |
| | | | | _____ |

| **Employment** | **Other Civil** | | |
|---|---|---|---|
| ☐ Discrimination | ☐ Administrative Appeal | ☐ Lawyer Discipline | |
| ☐ Retaliation | ☐ Antitrust/Unfair Competition | ☐ Perpetuate Testimony | |
| ☐ Termination | ☐ Code Violations | ☐ Securities/Stock | |
| ☐ Workers' Compensation | ☐ Foreign Judgment | ☐ Tortious Interference | |
| ☐ Other Employment: Wage Violation | ☐ Intellectual Property | ☐ Other: _____ | |

| **Tax** | **Probate & Mental Health** | |
|---|---|---|
| ☐ Tax Appraisal | *Probate/Wills/Intestate Administration* | ☐ Guardianship—Adult |
| ☐ Tax Delinquency | ☐ Dependent Administration | ☐ Guardianship—Minor |
| ☐ Other Tax | ☐ Independent Administration | ☐ Mental Health |
| | ☐ Other Estate Proceedings | ☐ Other: _____ |

### 3. Indicate procedure or remedy, if applicable *(may select more than 1):*

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court | ☐ Declaratory Judgment | ☐ Prejudgment Remedy |
| ☐ Arbitration-related | ☐ Garnishment | ☐ Protective Order |
| ☐ Attachment | ☐ Interpleader | ☐ Receiver |
| ☐ Bill of Review | ☐ License | ☐ Sequestration |
| ☐ Certiorari | ☐ Mandamus | ☐ Temporary Restraining Order/Injunction |
| ☐ Class Action | ☐ Post-judgment | ☐ Turnover |

### 4. Indicate damages sought *(do not select if it is a family law case):*

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100, 000 but not more than $200,000
☒ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000